

RECEIVED

MAY 2 0 2008 *MB*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MAY 2 0 2008**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JAVIER BAILEY
_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

PHIL SANTEFORT
_____

DAN TSATAROS
_____

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

**08CV2915**
**JUDGE GETTLEMAN**
**MAG. JUDGE COX**

Case _____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

✓          **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____          **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____          **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.   Plaintiff(s):**

A.   Name: _Javier Bailey_

B.   Date of Birth: _27 January 1974_

C    List all aliases: _____

D.   Prisoner identification number: _K52482_

E.   Place of present confinement: _Lawrence_

F.   Address: _R.R #2 P.O. Box 31 Sumner Il. 62466_

(If there is more than one plaintiff, then each plaintiff must list his or her name, date of birth, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.   Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant: _Phil Santefort (No Known Star No.)_

Title: _Officer, Detective, Sargent of Calumet City Policing_

Place of Employment: _1200 Pulaski Rd., Calumet City Il. 60409_

B.   Defendant: _Dan Tsatares_

Title: _Assistant States Attorney for the State of Illinois_

Place of Employment: _16501 S. Kedzie Parkway, Markham Il. 60426_

C.   Defendant: _____

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

III.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: _DeMar-Bailey Vs. State of Illinois, et.al., 07-C-1760_

B.  Approximate date of filing lawsuit: _March 2007_

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

D.  List all defendants: _State of Illinois, et al,_

_____

_____

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Northern District of Illinois_

F.  Name of judge to whom case was assigned: _Gettleman, Judge_

G.  Basic claim made: _Various Violations of Constitutional Rights_

_____

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Dismissed, Without Prejudice_

_____

I.  Approximate date of disposition: _May 2007_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 5/2007

Bailey V. Janiga, et al. 07-C-4198

September 2007

Bailey

Robert Janiga, Robert Morrison, et.al.

Northern District of Illinois

John W. Darrah, Judge presiding,

Filing Fraudulent Documents Transferring into a conviction

Strike 2 - Found Frivolous

November 2007

DeMar-Bailey  V.  Ryker  07-C-1759

March 2007

DeMar-Bailey

Kenneth Bartley  and  Lee Ryker

Northern District of Illinois

Conlon, Judge

Habeas Petition §2254, Void Conviction

Dismissed without prejudice

Dismissed without prejudice July 2007

DeMar-Bailey V. LGB Communications 05-C-4598

August 2005

DeMar-Bailey

Theresa Tucker and Calvin Lockhart

Northern District of Illinois

Gotshall, Judge

Abridged Contracts

Dismissed / with Strike imposed

November 2005

DeMar-Bailey V. People of the State of Illinois, et al.,
05-C-4898
August 2005

DeMar-Bailey

People of the State of Illinois, et al.,

Northern District of Illinois

Conlon, Judge

Constitutional Violations

Dismissed without Prejudice

November 2005

Bailey V. Micheal Sheahan  02-C-7226

November 2002

Bailey

Micheal Sheahan, et al.,

Northern District of Illinois

Plunkett, Judge

Prison / Jail Conditions

Settlement

May 2004

Bailey V. Sheahan   02-C-2232

May 2002

Bailey

Robert Janiga, Robert Morrison, et al.,

Northern District of Illinois

Kennelly, Judge presiding

Constitutional violations of 48 hours

Settlement

May 2003

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On or about 28 November 2000, an alleged employee of the Calumet City Police Department, ~~███~~ Defendant Phil Santefort, the only witness listed and who testified before a Grand Jury for indictment No.'s 00-CR-28586, 00-CR-28587, 00-CR-28589, and 00-CR-28590 presented and stated false testimony by way of fabricating a story, lying before an innocent Grand Jury for Grand Jury No.'s 618, 625, and 626, claiming that he investigated alleged crimes committed by the Plaintiff Javier Bailey, when he did not. By his fraudulent testimony for Grand Jury No. 626, the State obtained subject matter jurisdiction for five years to try indictment No. 00-CR-28590, and a conviction against the Plaintiff, and sentenced him to 25 (twenty-five) years in the Illinois Department of Corrections by way of Defendants abrogation of the equal protection of the laws, misleading a Grand Jury, false testimony, and subsequent false imprisonment.. Willfully misleading a Grand Jury, Defendant Assistant States Attorney Dan Tsatards, knowingly and maliciously questioned and used fraudulent testimony in conspiracy with Defendant Phil Santefort, an alleged officer who never conducted any investigation against Plaintiff, but testified that he did. After the Grand Jury testimony of Phil Santefort, Defendant

4

Dan Tsataros put the actual :investigating officers name on the True Bill of Indictment, but intentionally did not include Defendant Phil Santefort who actually testified, because Dan Tsataros knew Phil Santefort never conducted any investigation. (See Exhibit(s) A )   Dan Tsataros actions were malicious, ~~a~~ misleading, and wicked in nature. He is unequivocally "willing to do whatever" it takes to achieve a conviction, accordingly to the Constitution of Assistant States Attorney Dan Tsataros... The Plaintiff, did not become aware of this violation until after a verbal confrontation / argument occurred; between the Plaintiff and his Appellate Attorney over copies of Grand Jury transcripts; which were with-held and never allowed to the Plaintiff to view; which the Plaintiff received late October 2007 (See Exhibit B ) - This is a complaint for injunctive relief and damages brought under 42 U.S.C. §1983, in connection with the false testimony before a Grand Jury, misleading a Grand Jury, and subsequent false imprisonment against the Plaintiff Javier Bailey, by an alleged Officer, Defendant Phil Santefort, who was in conspiracy to falsely imprison the Plaintiff Javier Bailey. Misleading the Grand Jury, the false testimony, and subsequent false imprisonment is in violation of the Plaintiffs constitutional rights under the Fourth, Fifth, Sixth, and Due Process clause of the Fourteenth Amendment of the United States Constitution, and also Article One section Two, Sixth, and Seventh Amendments of the Illinois Constitution of 1970, and it's statutory provisions. This case is brought pursuant to 42 U.S.C. §1983 because the Plaintiffs' constitutional rights were violated by the above individuals acting under color of state law. Jurisdiction is based upon 28 U.S.C. §1331 and 1343. The court also has supplemental jurisdiction over the state claims.

EXHIBIT A

1      IN RE:  PEOPLE VS. JAVIER P. BAILEY

2

3        *Transcripts*
         *S-100*
4        *S-135 (last paragraph)*            GJ:    626

5        *S-58,59*                           00 CR 28590

6                                            6TH DISTRICT

7

8                     BEFORE THE GRAND JURY OF COOK COUNTY

9                          NOVEMBER, 2000

10                    TRANSCRIPT OF TESTIMONY TAKEN IN

11       THE ABOVE-ENTITLED MATTER ON THE 28TH DAY OF

12       NOVEMBER, 2000.

13                    PRESENT: MR. DAN TSATAROS,

14                      ASSISTANT STATE'S ATTORNEY

15             REPORTED BY:  DONNA J. O'CONNOR

16                        CERTIFIED SHORTHAND REPORTER

17                        ILL. LICENSE NO. 084-003579

18

19             LIST OF WITNESSES:

20             SGT. SANTEFORT  ---  *? WHO!?*

21

22

23

24

1          THE FOREPERSON:    Would you raise your right hand,

2      please?

3                              (Witness duly sworn.)

4          MR. TSATAROS:    We are seeking a True Bill of

5      indictment against the defendant, Javier Bailey, for the

6      offenses of aggravated criminal sexual assault,

7      residential burglary, home invasion, aggravated unlawful

8      restraint, and unlawful restraint committed against Bobby

9      Granger on or about August 4, 2000 at 602 Sibley,

10     Apartment 1-W in Calumet City, Cook County, Illinois.

11         The Grand Jury number is November 626.   At this

12     time I will be calling Sergeant Santefort.

13         The Grand Jury does have the right to subpoena and

14     question any person against whom the State's Attorney is

15     seeking a Bill of Indictment, or any other person, and to

16     obtain and examine any documents or transcripts relevant

17     to the matter being prosecuted by the State's Attorney.

18                         DETECTIVE SANTEFORT,

19     having been first duly sworn, was examined and testified

20     as follows:

21                         EXAMINATION BY

22                         MR. TSATAROS:

23         Q.   Will you state your name, Star Number and unit of

24     assignment?

1          A.   Sergeant Phil Santefort, S-a-n-t-e-f-o-r-t. I am

2     a detective with the Calumet City Police Department.

3          Q.   Have you been sworn?

4          A.   Yes.

5          Q.   Sergeant, were you assigned to investigate the

6     aggravated criminal sexual assault, residential burglary,

7     home invasion, aggravated unlawful restraint and unlawful

8     restraint that was committed by Javier Bailey upon Bobby

9     Granger on August 4, 2000 near 602 Sibley in Calumet City,

10    Apartment 1-W, Cook County, Illinois?

11         A.   Yes.

12         Q.   Did your investigation reveal that Javaier Bailey

13    crawled through a window into Bobby Granger's apartment?

14         A.   Yes, sir.

15         Q.   And once inside that apartment, what did your

16    investigation reveal that Javier Bailey did to Bobby

17    Granger?

18         A.   Javier Bailey pointed a metal object in the

19    direction of Bobby Granger and ordered her to remove her

20    shorts.

21         Q.   And Bobby Granger believed that this metal object

22    was a gun; is that correct?

23         A.   Yes, sir.

24         Q.   Did your investigation also reveal that by the

1    use of force, Javier Bailey made contact between his penis

2    and Bobby Granger's vagina?

3         A.   Yes.

4         Q.   Did this all happen in Cook County?

5         A.   Yes, it did.

6         MR. TSATAROS:   Thank you, Officer.   I have nothing

7    further.

8         Are there any questions?

9                        (No response.)

10                       (Witness excused.)

11         (Whereupon, the Grand Jury

12         was left alone to deliberate

13         after which the following

14         proceedings were had.)

15    THE FOREPERSON:   True Bill.

16         (Whereupon, the above-entitled

17         cause was continued for

18         arraignment before the Presiding

19         Judge.)

20

21

22

23

24

1   STATE OF ILLINOIS )

2                     ) SS:

3   COUNTY OF C O O K )

4

5

6                I, DONNA J. O'CONNOR, a Certified

7   Shorthand Reporter licensed to practice in the

8   State of Illinois, do hereby certify that I

9   reported in shorthand the proceedings had in the

10  hearing of the above entitled cause; that I

11  thereafter caused the foregoing to be transcribed

12  into typewriting, which I hereby certify is a true

13  and accurate transcript of the proceedings had

14  before the Grand Jury of Cook County.

15

16

17                DONNA J. O'CONNOR, CSR

18

19

20

21

22

23

24



DISTRICT 6

** INFORMATION INDICTMENT RETURN SHEET **

| | IR | DEFENDANT | NO. | ARRAIGNMENT DATE | AMM |
|---|---|---|---|---|---|

JAVIER BAILEY    1    12/19/2000

NO.
8590

626

FBI-498291XA5    Sex: M  Race: B  DOB: 01/27/1974
ISB-35534980     Add: 15626 S. Calumet Drive
CB-L12865312           South Hollnd, IL 60473
RD/AR: 00-24963  Arrest Agy: Calumet City P. D.
                 Arrest Date: 11/13/2000
Hgt: 5'09"   Wgt: 210   Hair: BLK   Eyes: BRO
DIRECT INDICTMENT                          11/28/2000
ASA: Dan Tsataros              Unit: District 6

Chg:  1  Agg Crim Sex Assault/Weapon      0000996000 Class: X
                 720-5\12-14(A)(1)

Chg:  2  Agg Crim Sex Aslt/Felony         0000996300 Class: X
                 720-5\12-14(A)(4)

Chg:  3  Agg Crim Sex Aslt/Felony         0000996300 Class: X
                 720-5\12-14(A)(4)

Chg:  4  Agg Crim Sex Assualt/Firearm     0000012360 Class: X
                 720-5\12-14(A)(8)

Chg:  5  Home Invasion/Armed/Force        0000995100 Class: X
                 720-5\12-11(A)(1)

Chg:  6  Home Invasion W/Firearm          0000012356 Class: X
                 720-5\12-11(A)(3)

Chg:  7  Residential Burglary             0001120000 Class: 1
                 720-5\19-3

Chg:  8  Aggravated Unlawful Restraint    0000775100 Class: 3
                 720-5\10-3.1

Chg:  9  Aggravated Unlawful Restraint    0000775100 Class: 3
                 720-5\10-3.1

Chg: 10  Unlawful Restraint               0000775000 Class: 4
                 720-5\10-3

0000082.0132

2000

C00CC19

ll be called and
e circuit court
ate's Attorney;
eriod in excess
nore than one

may excuse a
and, if perma-
of the grand

Amended by
1965, p. 2517,
eff. Aug. 11,

s

torney.   (a)
ited by the

. and ques-
r is seeking
obtain and
the matter
the com-
nsideration
he State's
ights.   In
enced by
ble cause
he Grand
prelimi-
shall not
dictment,
reason-
at that
ch cases,
he right
d at the
ledge of
ine the
through
hrough
ttended
file an
hether
of no
revious

ith an
cing a
ed by
pro-
efore
rmed
that
y be
o be
that
fford

vear
Arti-
rors

9 grand jurors concur that the evidence before them
titutes probable cause that a person has committed an
the State's Attorney shall prepare a Bill of Indict-
charging that person with such offense. The foreman
sign each Bill of Indictment which shall be returned in
court.

When the evidence presented to the Grand Jury does
warrant the return of a Bill of Indictment, the State's
ney may prepare a written memorandum to such effect,
led, "No Bill".

1963, p. 2836, § 112–4, eff. Jan. 1, 1964.   Amended by
79–670, § 1, eff. Oct. 1, 1975;  P.A. 81–1089, § 1, eff. Jan.
P.A. 85–690, § 1, eff. Jan. 1, 1988.

merly Ill.Rev.Stat.1991, ch. 38, ¶ 112–4.

## 112–4.1.   Right to counsel

§ 112–4.1.   Any person appearing before the grand jury
ll have the right to be accompanied by counsel who shall
se him of his rights but shall not participate in any other
ay.

Laws 1963, p. 2836, § 112–4.1, added by P.A. 81–1112, § 1,
f. Jan. 1, 1980.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–4.1.

## 112–5.   Duties of others

§ 112–5.   Duties of others.   (a) The clerk of the court
ll keep such records of Bills of Indictments and No Bills
may be prescribed by Rule of the Supreme Court.

(b) The court may appoint an investigator or investigators
petition showing good cause for same and signed by the
oreman and 8 other grand jurors. The duties and tenure of
appointment of such investigator or investigators shall be
etermined by the court.

Laws 1963, p. 2836, § 112–5, eff. Jan. 1, 1964.   Amended by
P.A. 85–690, § 1, eff. Jan. 1, 1988.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–5.

## 112–6.   Secrecy of proceedings

§ 112–6.   Secrecy of proceedings.   (a) Only the State's
Attorney, his reporter and any other person authorized by
the court or by law may attend the sessions of the Grand
Jury. Only the grand jurors shall be present during the
deliberations and vote of the Grand Jury. If no reporter is
assigned by the State's Attorney to attend the sessions of the
Grand Jury, the court shall appoint such reporter.

(b) Matters other than the deliberations and vote of any
grand juror shall not be disclosed by the State's Attorney,
except as otherwise provided for in subsection (c). The court
may direct that a Bill of Indictment be kept secret until the
defendant is in custody or has given bail and in either event
the clerk shall seal the Bill of Indictment and no person shall
disclose the finding of the Bill of Indictment except when
necessary for the issuance and execution of a warrant.

(c)(1) Disclosure otherwise prohibited by this Section of
matters occurring before the Grand Jury, other than its
deliberations and the vote of any grand juror, may be made
to:

a. a State's Attorney for use in the performance of such
State's Attorney's duty; and

b. such government personnel as are deemed necessary
by the State's Attorney in the performance of such State's
Attorney's duty to enforce State criminal law.

(2) Any person to whom matters are disclosed under
paragraph (1) of this subsection (c) shall not use the Grand

Jury material for any purpose other than assisting the
State's Attorney in the performance of such State's Attor-
ney's duty to enforce State criminal law. The State's Attor-
ney shall promptly provide the court, before which was
impaneled the Grand Jury whose material has been dis-
closed, with the names of the persons to whom such disclo-
sure has been made.

(3) Disclosure otherwise prohibited by this Section of mat-
ters occurring before the Grand Jury may also be made
when the court, preliminary to or in connection with a
judicial proceeding, directs such in the interests of justice or
when a law so directs.

(d) Any grand juror or officer of the court who discloses,
other than to his attorney, matters occurring before the
Grand Jury other than in accordance with the provisions of
this subsection or Section 112–7 shall be punished as a
contempt of court, subject to proceedings in accordance to
law.

Laws 1963, p. 2836, § 112–6, eff. Jan. 1, 1963.   Amended by
Laws 1965, p. 3201, § 1, eff. Aug. 20, 1965;  P.A. 79–669, § 1,
eff. Oct. 1, 1975;  P.A. 79–670, § 1, eff. Oct. 1, 1975;  P.A. 79–
1454, § 17, eff. Aug. 31, 1976;  P.A. 85–690, § 1, eff. Jan. 1,
1988.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–6.

## 5/112–7.   Transcript

§ 112–7.   A transcript shall be made of all questions
asked of and answers given by witnesses before the grand
jury.

Laws 1963, p. 2836, § 112–7, added by P.A. 79–669, § 1, eff.
Oct. 1, 1975.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112–7.

## 5/112–8.   Destroyed instrument

§ 112–8.   Destroyed instrument.   When an instrument
that is the subject of an indictment has been destroyed or
withheld by the act or procurement of the defendant, and the
fact of the destruction or withholding is alleged in the
indictment and established on trial, the accused shall not be
acquitted on account of any misdescription of the instrument
so withheld or destroyed.

Laws 1963, p. 2836, § 112–8, added by P.A. 89–234, Art. 5,
§ 5–20, eff. Jan. 1, 1996.

# ARTICLE 112A.  DOMESTIC VIOLENCE:
# ORDER OF PROTECTION

### Date Effective

*Article 112A was added by P.A. 84–1305,
Art. IV, § 402, eff. Aug. 21, 1986.*

## 5/112A–1.   Construction

§ 112A–1.   Construction.   This Article shall be interpret-
ed in accordance with the purposes and rules of construction
set forth in Section 102 of the Illinois Domestic Violence Act
of 1986.[1]   Each of the provisions of the Illinois Domestic
Violence Act of 1986[2] which are included in this Article shall
govern the issuance, recording and enforcement of orders of
protection in criminal proceedings.

Laws 1963, p. 2836, § 112A–1, added by P.A. 84–1305, Art.
IV, § 402, eff. Aug. 21, 1986.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 112A–1.

J. No.      626
NERAL, NO. 00 CR- 28590

------------------------------

RCUIT COURT OF COOK COUNTY
   COUNTY DEPARTMENT
   CRIMINAL DIVISION
     November, 2000

------------------------------

he People of the State of
        Illinois
          v.
   Javier Bailey

******************
* INDICTMENT FOR *
******************

G. CRIMINAL SEX ASSAULT

------------------------------

    A TRUE BILL
    -----------

    *Donald Finox*

Foreman of the Grand Jury

==========================

    WITNESSES
ET. R. JANIGA

_____
_____
_____
_____
_____
_____
_____

==========================
iled    12-5    , 20 00
*orothy Brown*   Clerk
ail $                 *JD*
==========================

ORIGINAL
FILE COPY
DO NOT REMOVE

0000082.0133

2000

C000008

EXHIBIT B



Law Office of the
**COOK COUNTY PUBLIC DEFENDER**
69 W. WASHINGTON • 16TH FLOOR • CHICAGO, IL 60602 • (312) 603-0600

Edwin A. Burnette • Public Defender


October 12, 2007


Mr. Javier Bailey
Reg. # K52482
Lawrence Correctional Center
Rural Route 2
Box 31
Sumner, IL 62466

RE: Your Post Conviction

Dear Mr. Bailey:

I did not hang up on you. The connection went bad and I could no longer hear you so I hung up expecting you to call back. However, in the interim I received a phone call so I was apparently on the telephone when you called back.

I did speak to your trial attorney, Rodney Carr. He is an experienced trial attorney and he said that like preliminary hearing transcripts, our trial attorneys normally give our clients copies of the grand jury transcripts. So, I am enclosing copies of the transcripts of the testimony before the grand jury in your case.

Again, you have advised me you do not want to withdraw your motion. Therefore, on October 26th I will advise the court that I have reviewed your motion but cannot argue it because I have not been able to find any law that substantiates your claim. If you so desire, I will file a notice of appeal on your behalf if the court declines to grant your motion.

Yours truly,

Elyse Krug Miller
Assistant Public Defender


Enclosure: transcripts of grand jury proceedings

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

A.) Issue a conclusive and declatory judgement, that the conduct, practice, and malicious violations described in this complaint, violate United States and Illinois Constitutions. B.) Award punitive, compensatory, emotional and mental damages, against the defendants responsible, in their individual and official capacity, to the Plaintiff, in an amount to be determined according to proof; including injunctive relief. C.) Grant any additional relief the court deems just and proper

**VI.    The plaintiff demands that the case be tried by a jury.**    ☑ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___09___ day of __May__, 20 _08_

_Javier Bailey_
(Signature of plaintiff or plaintiffs)

__Javier Bailey__
(Print name)

__K52482__
(I.D. Number)

__R.R.#2 P.O.Box 31__
__Sumner Il. 62466__
(Address)

6